By the Court.
The defendants, William Mills and R. L. Estes, were indicted and convicted of larceny for stealing a Buiek automobile from the garage of one S. C. Richie at St. Paris, Ohio. The theft occurred on January 27, 1919. On January 30 a car was found in the possession of the defendants at Indianapolis, Indiana, which Richie identified as his own. On that date the defendants were placed under arrest. Upon the trial, the defense was that of alibi, the defendants accounting for the possession of the car by testifying that on the morning of January 30 they received the car from a man calling himself Howard. The defendants testified that Howard, who was unknown to them, had employed the defendant Mills to drive the car to his home at Morristown, Indiana. The man Howard was never located by the testimony. This was the evidence relied upon by the defendants, but the jury evidently disbelieved it and brought in a verdict of guilty. Upon the issue so made this court declines to weigh *203 the evidence upon the question of guilt or innocence as made by this record and we therefore confine ourselves to the legal questions which counsel for plaintiffs in error urge as a reason why the judgment should be reversed.
The briefs of counsel are voluminous and it will suffice to consider only the more important errors which are alleged to have been committed at the trial. The disposition of the main questions will also determine many of the other errors contended for by counsel for plaintiffs in error.
It developed from the testimony that an automobile had also been stolen on December 18,1918, from the garage of one Henry Stoner, who lived at New Lebanon, Ohio. Endeavoring to prove its case the state placed Stoner upon the witness stand, and after a few preliminary questions tending to show that his automobile was taken at the time stated, but in no wise connecting the defendants therewith, the witness testified that his car was found at Morris-town, Indiana, in the possession of one Dick Walters. At this stage the court sustained the objection of the defendants on the ground that it was incompetent to prove a separate offense, the theft of another automobile at New Lebanon, Ohio. In so' doing the court said: “The evidence by this witness will be taken from the jury and you will put it from your minds entirely.”
In the course of the trial the defendant Mills when on the stand in his own behalf testified that he was not in the state of Ohio on the date of the theft of the Richie car; that he had never been in the state on any date prior thereto. The defendant Estes also testified in chief that he had never been in St. *204 Paris, Ohio, and on cross-examination further testified that he had never been in the state except passing through on a train. To impeach these defendants the state, in rebuttal, introduced two witnesses whose testimony tended to show that they had seen the defendants at New Lebanon, Ohio, on or about December 18, 1918. To this testimony the defendants objected but the objection was overruled. As to the testimony of Stoner, it is sufficient to say that the court, at its earliest opportunity, sustained the defendant’s objection and directed the jury, not only at the time, but later in its charge, not to consider such testimony in any event.
Whether the defendants had been in the state of Ohio previous to the theft of the St. Paris automobile was not a collateral, but a material issue, and the state had a right, by way of impeachment, not only to rebut the testimony of Mills given in chief, but also to cross-examine the defendant Estes in that particular. The state could cross-examine the defendant Estes in respect to his being in Ohio prior to the date of the theft of the Richie car; such being true, if the defendant denied it, the state had a perfect right to impeach his testimony in that respect. The defendants’ objections no doubt were based upon the ground that there had incidentally crept into the testimony the fact that another car had been stolen at a previous time from New Lebanon, Ohio. But the court was careful to charge the jury that he had taken Stoner’s evidence from their consideration, and charged them to “put it out of your mind entirely the same as if it had never occurred.” As to the rebutting testimony of the witnesses, above mentioned, the court also carefully limited this tes *205 timony by charging the jury as follows: “Now the court charges you that evidence is not before you for the purpose of proving any other crime or tending to prove any other crime, because that is not in this case, but for the purpose of affecting the credibility of the testimony of one of the defendants who testified he had never been in the State of Ohio and had never been at that place, and shall be considered by you in that light and for that purpose only. ’ ’
In the foregoing respects we find no prejudicial error committed by the court. {
The argument made by the prosecuting attorney was fairly justified by the record. It was severe and vigorous in its attack upon the alibi, but this became necessary inasmuch as the state’s case depended upon the truth or falsity of that defense. Attack has been made by counsel for plaintiffs in error upon various features of the charge of the court. An inspection of the record discloses that the defendants asked, and the court gave, twenty-five special charges comprising eight typewritten pages. Some of these charges could well have been ignored by the court, but they, in connection with the general charge, covered every phase of the case, and the defendants suffered no prejudice therefrom. We find no prejudicial error in this record. The judgment of the court of appeals is affirmed.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.